# EXHIBIT A

4/30/2021 12:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52998047
By: Maria Rodriguez
Filed: 4/30/2021 12:52 PM

2021-26020 / Court: 190

CAUSE NO. _____

| | | |
|---|---|---|
| Sarah Brack | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, T E X A S |
| Home Depot International, Inc. Home Depot, U.S.A., Inc., | § § § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### Plaintiff's Original Petition

COMES NOW, Plaintiff Sarah Brack ("Plaintiff"), and files this petition complaining of Defendant Home Depot U.S.A., Inc. ("Defendant"), and for cause of action respectfully show unto the Court as follows:

**I.**

**Nature of Action**

1. Plaintiff sues for premises liability, negligence, and gross negligence.

**II.**

**Jurisdiction and Venue**

2. Plaintiff brings claims under the common law of Texas.

3. Venue is proper in this Court because the incident made the basis of this suit occurred in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002. The amount in controversy exceeds the minimal jurisdictional limits of this court.

**III.**

**Discovery Level**

4.      Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

## **Parties**

5.      Plaintiff Sarah Brack is a citizen of Texas.

6.      Defendant Home Depot International., Inc. is a foreign corporation registered under the laws of Delaware, with its principal place of business in Bedford, Texas. Defendant may be served through its registered agent for process, Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, Texas 78701

7.      Defendant Home Depot U.S.A., Inc. is a foreign corporation registered under the laws of Delaware, with its principal place of business in Atlanta, Georgia. The Court may exercise personal jurisdiction of Defendant because it does a substantial amount of business in Texas. Defendant's continuous and systematic contacts with Texas justify the exercise of general jurisdiction. Additionally, Defendant's contacts with Texas arising out of this incident justify the Court also exercising specific jurisdiction. Defendant may be served through its registered agent for process, Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## V.

## **Facts**

8.      This lawsuit has become necessary due to the severe injuries sustained by Plaintiff after being struck by an overhead shelf due to Defendant's negligent acts and/or omissions on or about January 12, 2021. Plaintiff was an employee of Defendant and assigned to work in the freight department of the 6850 S Fry Rd. Katy, Texas store, owned and operated

by Defendant. Specifically, was installing a shelving unit on a waist high shelf when suddenly and without warning, when a plywood board fell from the ceiling overhead and struck her directly in the head. The ceiling area above the area Plaintiff was working was missing the metal grates used to support inventory, and instead had a piece of plywood in its place. The location where the incident made the basis of this suit occurred was within the possession and control of Defendant at the time of the incident made the basis of this suit. As a result of Defendant's negligence and gross negligence Plaintiff sustained a laceration to her head, suffered from a head injury, concussion, and pain to other parts of her body. Plaintiff's injuries have been extensive and her treatment is ongoing.

## VI.

## Causes of Action

### A.   *Premises Liability (against all Defendants)*

9.   Plaintiff repeats and re-alleges each allegation contained above. Defendant owed a duty of ordinary care to Plaintiff as an invitee. Defendant breached this duty, proximately causing Plaintiff's injuries and damages.

10.   At all times material hereto, Defendant possessed actual knowledge of the dangerous condition and failed to make safe or warn Plaintiff of the dangerous condition. In the alternative, Defendant possessed constructive knowledge of the dangerous condition which it would have discovered upon reasonable inspection. Further, the condition was unreasonably dangerous. These acts and/or omissions by Defendant proximately caused Plaintiff's injuries and damages.

11.    At all pertinent times hereto, Plaintiff did not know about the dangerous condition.

    B.    *Negligence and Gross Negligence (against all Defendants)*

12.    Plaintiff repeats and re-alleges each allegation contained above. Further, Defendant committed acts of negligence and gross negligence, including:

- Failing to maintain its premises in a reasonable and safe condition;
- Failing to give adequate warnings to Plaintiff of the unsafe condition;
- Failing to adequately mark the dangerous condition;
- Failing to adequately maintain the premises;
- Failing to take appropriate and reasonable action to protect their invitees, including Plaintiff;
- Creating a known hazard;
- Failing to timely and appropriately remedy a known hazard;
- Failing to hire, manage, train, and supervise competent employees; and
- Other acts deemed negligent.

13.    Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant's negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries. Additionally, Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

**VII.**

**<u>Damages</u>**

14. Plaintiff seeks damages in excess of $1,000,000.00. Specifically, as a result of said occurrences, Plaintiff sustained severe injuries to his shoulder, back, neck, arms, leg, and other parts of his body which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues. Plaintiff prays for relief and judgment as follows:

- Compensatory damages against Defendant;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;
- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VIII.

## Jury Demand

15. Plaintiff hereby demands a trial by jury on all issues.

## Prayer

Plaintiff prays that citation will issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
C. Kimberly Nwabeke
SBN: 24096087
knwabeke@arnolditkin.com
Adam D. Lewis
SBN: 24094099
6009 Memorial Drive

Houston, TX   77007
Tel: 713.222.3800
Fax: 713.222.3850
**\*For electronic service use:**
kbateam@arnolditkin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**